```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                 EASTERN DISTRICT OF OKLAHOMA

EMBRY JAY LOFTIS,                    )
                                     )
            Plaintiff,               )
                                     )
v.                                   )   Case No. CIV-22-296-RAW-JAR
                                     )
STERLING TUCKER, Sgt. Deputy         )
Sheriff; and BRYLUN ANDERSON,        )
Deputy Sheriff,                      )
                                     )
            Defendants.              )
```

### FINDINGS AND RECOMMENDATION

This matter comes before the Court on Defendant Brylun Anderson's Motion to Dismiss (Docket Entry #16) and Plaintiff's Second Motion Requesting for Extension of Time (Docket Entry #27). This Court also reviews this case for compliance with Fed. R. Civ. P. 4(m) with regard to Defendant Sterling Tucker.

On October 17, 2022, Plaintiff, acting *pro se*, commenced this civil rights action against Defendants under 42 U.S.C. § 1983 and certain state law claims. Specifically, Plaintiff alleges that on January 15, 2022, Defendants Tucker and Anderson as well as other officers, who are all alleged to be with the Carter County Sheriff's Office, burst through the front door of Plaintiff's residence located in Ardmore, Oklahoma. Plaintiff alleges that all of these officers

> threw Plaintiff to the floor face down and
> handcuffed his hands behind his back, picked
> him up and escorted him out the front door in

1

> nothing by his Shorts, T-Shirt and slippers and locked plaintiff in the back seat of a sheriff's car all the while they returned inside to ransack his home for evidence to charge, try and convict him with. This all transpired without probable cause or an arrest warrant.

Plaintiff further alleges that the officers lacked probable cause to search his residence, despite the officers having obtained a search warrant. Plaintiff alleges in the Complaint that Defendants

> sometime, during the unlawful search, did walked (sic) a manila envelope containing drug paraphernalia into plaintiff's home and emptied it out onto Plaintiff's livingroom (sic) table, and conducted a search therein for mail addressed to Plaintiff and laid the same down beside the drug paraphernalia, took photos of it all together in their effort to either establish that (1) it was the mail that [Defendant] Tucker claimed within his January 13, 2022, Affidavit for Probable Cause to issue the Search Warrant; was the mail he found in the trash can next to the drug paraphernalia; taken from in front of Plaintiff's residence during the January 11, 2022 trash pull and (2) Such conduct stemming from these two defendants (sic) actions, by law, constitutes procuring issuance (sic) of search warrant without probable cause and/or under false pretense. Thereafter, plaintiff was booked into county jail, while defendant Sterling Tucker, constructed a misleading "Probable Cause Affidavit for Arrest Without Warrant;" in his effort to cover up the Fourth Amendment violations to Plaintiff's constitutional right to which is one of the cheif (sic) concerns when the writers wrote the 4th Amendment, which was for citizens to

2

> be protected from such unreasonable searchs (sic) and seizures stemming from police misconduct.
>
> Plaintiff's Complaint (Docket Entry #1) at p. 4-5.

Plaintiff alleges that Defendants' actions violated his constitutional rights under the Fourth, Eighth, Thirteenth, and Fourteenth Amendments. He also asserts claims under the Article 2, Section 30 of the Oklahoma Constitution and Okla. Stat. tit. 22, §§ 1239-1240 and Okla. Stat. tit. 21 §§ 99 and 99a.[1]

Defendant Anderson seek dismissal of the claims against him under Fed. R. Civ. P. 12(b)(6), alleging the claims fail to meet the plausibility standard enunciated in United States Supreme Court cases of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Clearly, Bell Atlantic changed the legal analysis applicable to dismissal motions filed

---

1  In considering pro se pleadings, the Tenth Circuit has stated "[a]lthough '[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers,' Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), 't]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.' Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994) (internal quotation marks omitted). Thus, although we make some allowances for 'the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements [,]' Hall, 935 F.2d at 1110, the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record. See id. ('[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.')."

Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

under Fed. R. Civ. P. 12(b)(6), creating a "refined standard" on such motions. Khalik v. United Airlines, 671 F.3d 1188, 1191 (10th Cir. 2012)(citation omitted). Bell Atlantic stands for the summarized proposition that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) quoting Bell Atlantic, 550 U.S. at 570.  The Supreme Court did not parse words when it stated in relation to the previous standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" is "best forgotten as an incomplete, negative gloss on an accepted pleading standard." Bell Atlantic,  550 U.S. at 546.

The Tenth Circuit has interpreted the plausibility standard as referring "to the scope of the allegations in the complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008).  The Bell Atlantic case, however, did not intend the end of the more lenient pleading requirements of Fed. R. Civ. P. 8(a)(2).  Khalik, 671

F.3d at 1191. Rather, in Khalik, the Tenth Circuit recognized the United States Supreme Court's continued endorsement of Rule 8's "short and plain statement" requirement in the case of Erickson v. Pardus, 551 U.S. 89 (2007) wherein the Supreme Court found "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. at 93.

Nothing alleged in the Complaint would support claims under the Eighth, Thirteenth, and Fourteenth Amendments. Plaintiff has not alleged any cruel or unusual punishment or deliberate indifference while incarcerated in violation of the Eighth Amendment, slavery or involuntary servitude under the Thirteenth Amendment, or a violation of his due process or equal protection rights under the Fourteenth Amendment. His response to the dismissal motion does not offer any support for these claims.2 Accordingly, any claims based in these constitutional rights as enforced under 42 U.S.C. § 1983 must be dismissed as implausible under the facts alleged.3

---

2 Plaintiff's response brief clearly violates EDOK LCvR 5.2(a) in that his print type is considerably smaller than the required 12-point font.

3 This Court recognizes that "[e]xcessive force claims can be maintained under the Fourth, Fifth, Eighth, or Fourteenth Amendment . . . and each carries with it a very different legal test." Porro v. Barnes, 624 F.3d 1322, 1325 (10th Cir. 2010). Determining which amendment applies to an allegation of excessive force requires consideration of "where the [plaintiff] finds himself in the criminal justice system." Porro, 624 F.3d at 1325. Any force used "leading up

Plaintiff does appear to assert several claims under the Fourth Amendment – (1) excessive force in his arrest; (2) failure to intervene; (3) improper search and seizure; and (4) improper arrest. With regard to the failure to intervene, improper search and seizure, and improper arrest claims, the Heck doctrine clearly bars these claims. The doctrine espoused in Heck v. Humphrey, 512 U.S. 477 (1994), "avoids allowing collateral attacks on criminal judgments through civil litigation." McDonough v. Smith, 588 U.S. ____, 139 S. Ct. 2149, 2157 (2019). In Heck v. Humphrey, the Supreme Court addressed when a prisoner may bring a § 1983 claim relating to his conviction or sentence. See 512 U.S. at 487. The Supreme Court held that, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or of his sentence. Id. If the judgment would invalidate a sentence or conviction, the complaint must be dismissed with prejudice. Id.

Heck does not apply to claims arising from criminal convictions that have been invalidated in a prior proceeding. See

---

to and including an arrest" may be actionable under the Fourth Amendment's prohibition against unreasonable seizures. Id. at 1325-26. Such are the allegations in this case. Therefore, the appropriate amendment at issue on Plaintiff's excessive force claim is the Fourth Amendment.

6

Id.  To demonstrate that a conviction or sentence has been invalidated, the plaintiff must prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  Id. Ultimately, to bring a section 1983 action for damages, a prisoner-plaintiff "must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence."  Muhammad v. Close, 540 U.S. 749, 751 (2004).

In this case, claims of false arrest, unreasonable search and seizure, and failure to intervene would necessarily require an invalidation of Plaintiff's underlying conviction.  Prevailing on any of these arguments would have rendered the judgment and conviction on the charges constitutionally defective.  Further, Plaintiff has not alleged that his convictions were reversed or in any way invalidated.  Consequently, § 1983 is not available on these claims without first pursuing avenues to successfully challenge Plaintiff's convictions.  Accordingly, these claims must be dismissed with prejudice.

The Court then turns to the final federal claim – excessive

force under § 1983. Plaintiff's sole allegations on this claim is that six different officers with the Carter County Sheriff's Office – four of whom are not named in this action – "threw Plaintiff to the floor face down and handcuffed his hands behind his back, picked him up and escorted him out the front door . . . ." Plaintiff's allegations are not specific as to which officer accomplished the acts alleged. More importantly, the facts set out in the Complaint outline the facts required for a textbook arrest. Nothing in the recitation of facts even remotely rises to the level of excessive force.

To succeed under § 1983 on an excessive force theory, the plaintiff must show "the officers used greater force than would have been reasonably necessary to effect a lawful arrest." Fisher v. City of Las Cruces, 584 F.3d 888, 893-94 (10th Cir. 2009) (quotations omitted). This is an objective inquiry, *see* id., and courts consider the totality of the circumstances when making it, Cortez v. McCauley, 478 F.3d 1108, 1125 (10th Cir. 2007). The totality of the circumstances includes considering "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham v. Connor, 490 U.S. 386, 396 (1989). Plaintiff's set of

facts falls far short of those required to state a plausible claim for excessive force under § 1983. Accordingly, this claim shall be dismissed as well.

Plaintiff also asserts certain state law claims. Because the federal claims are dismissed in their entirety, this Court would recommend that the District Judge decline supplemental jurisdiction over these remaining claims. 28 U.S.C. § 1367(c)(3).

This Court acknowledges Plaintiff's Second Motion Requesting (sic) for Extinsion (sic) of Time (Docket Entry #27).[4] Plaintiff, however, does not actually request to amend his Complaint but rather complains about his inability to access documents, Bibles, and legal books in the Carter County jail since his arrest on other charges. He requests that this Court order such access and stay this case until the matter is resolved. This request is well-beyond the scope of this lawsuit and will be denied. Further, any amendment of the Complaint in an attempt to achieve plausibility would appear to be futile, given the nature of the allegations.

This Court has also reviewed this case for compliance with Fed. R. Civ. P. 4(m), which requires service to be accomplished within 90 days of filing. This action was filed on October 17,

---

[4] Despite being admonished for failing to attach a copy of a proposed Amended Complaint by prior Order (Docket Entry #23), Plaintiff still has not complied with EDOK LCvR 7.1(k) by attaching a copy of the proposed Amended Complaint to the Motion to Amend.

2022. Defendant Tucker has not been served in this action. Since Plaintiff is *in forma pauperis*, the United States Marshal's Service was employed to effectuate service in this case. With regard to Defendant Tucker, a return of service was filed by the Marshal's Service on December 22, 2022 (Docket Entry #10). The return provides that Defendant Tucker "has not worked for the Carter County Sheriff's office in over 6 months. No forwarding address or new employment."

"[T]he Marshals Service is not responsible for lack of service where a plaintiff does not provide correct information required for service. *See* Johnson v. U.S. Postal Serv., 861 F.2d 1475, 1479-80 (10th Cir. 1988) (concluding the Marshal's Service was not culpable for failure to effect service in an *ifp* case where the plaintiff had named the wrong defendant); Oltremari ex rel. McDaniel v. Kan. Soc. & Rehab. Serv., 871 F.Supp. 1331, 1352 (D. Kan. 1994) (dismissal of *ifp* case for Marshals Service's failure to effect service is improper unless the service defect "result[s] from inadequate or inaccurate information presented by plaintiff or on a lack of diligence on the part of plaintiff"); *cf.* Fields v. Okla. State Penitentiary, 511 F.3d 1109, 1113 (10th Cir. 2007) ("[T]he Marshal is not charged with finding a defendant who has moved without providing an accessible forwarding address.")."

Pemberton v. Patton, 673 F. App'x 860, 864 (10th Cir. 2016). Plaintiff's inability to locate Defendant Tucker in order to effectuate service is his responsibility. He has failed to do so within the required time and, therefore, this Defendant will be dismissed as well.

IT IS THEREFORE THE RECOMMENDATION OF THIS COURT that Defendant Brylun Anderson's Motion to Dismiss (Docket Entry #16) be **GRANTED** and that all claims asserted against this Defendant be **DISMISSED**.

IT IS FURTHER RECOMMENDED that Plaintiff's Second Motion Requesting for Extension of Time (Docket Entry #27) be **DENIED.**

IT IS FURTHER RECOMMENDED that Defendant Sterling Tucker, Sgt. Deputy Sheriff be **DISMISSED** from this action for the failure of Plaintiff to obtain service with 90 days from filing.

The Clerk is directed to serve a copy of these Findings and Recommendation by first class mail, return receipt, at the address provided of record for Plaintiff.

The parties are herewith given fourteen (14) days from the date of the service of these Findings and Recommendation to file any objections, with supporting brief. The failure to object to the Findings and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court.

Any objection which is filed shall not exceed ten (10) pages and shall comply with the local rules. EDOK LCvR 5.2(a).

DATED this 13th day of September, 2023.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE